John J. McCall, J.
The September Term, 1971, of the Albany County Court Grand Jury conducted an investigation *461 into certain aspects of the financing of the South Mall construction project in the City of Albany. The erection of the Mall was an undertaking by the State of New York, yet financing features involved the City of Albany and the County of Albany. The Grand Jury found no indictments but did submit reports pursuant to the provisions of CPL 190.85, one of which was stated under paragraph (a) of subdivision 1 of that law, and one of which was stated under paragraph (b) of the statute. Subdivision 1 reads as follows:
“ 1. The grand jury may submit to the court by which it was impaneled, a report:
“ (a) Concerning misconduct, non-feasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action; or
“(b) Stating that after investigation of a public servant it finds no misconduct, non-feasance or neglect in office by him provided that such public servant has requested the submission of such report; or
“ (c) Proposing recommendations for legislative, executive or administrative action in the public interest based upon stated findings.
Upon the receipt of the reports, the court has a duty to perform, all as set forth in subdivision 2 of the law which reads as follows:
‘ ‘ 2. The court to which such report is submitted shall examine it and the minutes of the grand jury and, except as other wise provided in subdivision four, shall make an order accepting and filing such report as a public record only if the court is satisfied that it complies with the provisions of subdivision one and that:
“ (a) The report is based upon facts revealed in the course of an investigation authorized by section 190.55 and is supported by the preponderance of the credible and legally admissible evidence; and
“ (b) When the report is submitted pursuant to paragraph (a) of subdivision one, that each person named therein was afforded an opportunity to testify before the grand jury prior to the filing of such report, and when the report is submitted pursuant to paragraph (b) or (c) of subdivision one, it is not critical of an identified or unidentifiable person.”
As this court proceeds here, it has in mind a statement of the Appellate Division, Second Department, in Matter of Talerico (34 A D 2d 553) as appropriate “We point out that there is a duty by statute upon the court to which a grand jury *462 report is presented to make a thorough examination of the record to determine if the report complies with the statutory requirements before the court accepts the report for filing”. The first question to be answered then is, ‘1 Do the reports comply with the provisions of subdivision If ” Grand Jury reports of the character here in hand are new in the law and in evaluating their place one must observe the situation that existed prior to their authorization. Speaking of them prior to the enactment of section 253-a of the Code of Criminal Procedure (predecessor to CPL 190.85, subd. 1) the Court of Appeals said, in Matter of Wood v. Hughes (9 N Y 2d 144, 154) “ In the public mind, accusation by report is indistinguishable from accusation by indictment and subjects those against whom it is directed to the same public condemnation and opprobrium as if they had been indicted. An indictment charges a violation of a known and certain public law and is the first step in a long process in which the accused may seek vindication through the exercise of the right to a public trial, to a jury, to counsel, to confrontation of witnesses against him and, if convicted, to an appeal. A report, to the contrary, based as it is upon the grand jury’s own criteria of public or private morals, charges the violation of subjective and unexpressed standards of morality and is the first and last step in the judicial process. It is at once an accusation and a final condemnation, and, emanating from a judicial body occupying a position of respect and importance in the community, its potential for harm is incalculable ’ ’. -What the court seems to be saying here is that the accuser shall not be heard to speak from a forum to which the accused does pot have the same full and complete access. Of course today, there are now criteria for the judgment that did not exist before, and to that extent the Wood doctrine is not so forceful as it was. However, it would seem to this court that the Legislature, in relaxing the rule against one-sided charges, intended strict construction of the law must be had, else all the old time perils remain with the same devastating effect. Looking at the charges here they are limited to ‘ ‘ neglect ’ ’ and misconduct and nonfeasance have been excluded by the Grand Jury itself. It would seem a reasonable requirement that the neglect, if any, be associated with the performance or nonperformance of a duty the performance of which is enjoined by law. Accordingly, the allegations of paragraph marked “First” in the report under CPL 190.85 (subd. 1, par. [a]) must be sealed for it-appears from the record no such duty is involved.
*463 Going further, the allegations of paragraphs numbered “ First, Second and Third ” purely and simply involves “ judgment calls ”. The minutes of the Grand Jury indicate the Grand Jury reviewed them as such. Public officials, in the normal course of their duties, make such decisions day in and day out in the performance of their office and the court is of the opinion that error, if any, in those endeavors is not subject to criticism in this forum. If it could be said that there was simply no judgment at all, the ruling might be different but this record does not allow the court to enter into the realm of that exception.
To neglect, in its ordinary and first meaning is to “ omit ’ \ For the judgment to be made that a failure to make a particular judgment or to do a certain thing in a particular way is such an omission, the party must be under a duty to make that judgment or do that thing and no other. The party to be charged must be in the position that he is bound to make a decision today that in all circumstances be the right one, else he is neglectful. Rare indeed would be the instances where public officials are so obligated by their oaths of office and the record demonstrates we certainly do not have one in hand here. There was no neglect here in accordance with legal connotation to be accorded that word in CPL 190.85 (subd. 1, par. [a]).
The material specifications under the charges are not supported by a preponderance of the required evidence. Some of the support that could be claimed for it is hindsight judgment which is not an acceptable way in the law to judge foresight.
At this point the court wishes to point out there is very little detail associated with the legal conclusions and also there is no broad evidentiary analysis revealed although the same was made. Inasmuch as sealing is going to be the ultimate result here, any detailing here would make such sealing a futile act. Even in the case of releasing a report the court is mandated to withhold until all appeal procedures have been followed and the final determination made (CPL 190.85, subd. 3). The appeal itself is a sealed procedure until final determination (CPL 190.90, subd. 3). The court must be even more cautious when sealing.
The charges here in the first report do not comply with the provisions of CPL 190.85 (subd. 1) and are not supported by a preponderance of the credible and legally admissible evidence. The statutory requirements then are not met and this report is ordered sealed.
The report submitted under subdivision (c) of subdivision 1, containing recommendations for action to be taken in the public *464 interest on the grounds (a) it is not supported by the preponderance of the credible and legally admissible evidence, (b) the coupling of the recommendations marked ‘ ‘ B ” with paragraph 4 on page 2 of the report makes the report critical of identifiable persons and therefore fails to meet statutory requirements. It is ordered sealed.
Even though the court has a specific responsibility here to see that there is compliance with the statute involved, it is never relieved of the duty of always being alert for any violations of due process of law that may be attendant on a proceeding under evaluation. Such a violation is here present and is sufficient to vitiate the entire procedure and constrain to the court to seal the reports. The reason would indeed remain even if all the hereinbefore set forth were to fall. The minutes show that at the outset prior to the calling of a witness or the presentation of testimony, the following colloquy occurred between the prosecutor and a juror, “ By a Juror, why wasn’t this initiated before, why did this take so long? ” “ Mr. Proskin, why wasn’t it initiated by my office? ”, “ By a Juror, yes, with six million dollars down the drain why wasn’t it initiated before? ”. At this point it was quite apparent that a juror had a prejudgment affecting the matter materially. He was of a mind that there was a loss and from his words “ down the drain ” a loss arising out of fault. The fact concerning which he had already made his decision was a sharply disputed one in the record and one that by its nature was quite germane to any ultimate decision. The court cannot say with any confidence that this juror examined with open, impartial mind the conduct of the parties who might be associated with a loss the existence of which he had predetermined to exist. The court can well say here that a state of mind existed on the part of this juror in reference to the case that prevented him from acting impartially and without prejudice to the substantial rights of parties who might be subject to the Grand Jury’s judgment. His presence became known at the outset, yet for all this record shows he was allowed to remain. No direction was given to the remaining jurors to disregard his statement, thus avoiding the possibility of his gratuitous statement having the force of evidence. Where there is contamination there must be sterilization and none is found here. The most this record shows as to the vote is that there were the required 12 and nothing appears here to exclude the disqualified one from the 12. A prejudiced charge can well be a false one. The muffling of the echo of a false accusation is an extremely difficult task; the only acceptable remedy in many *465 cases is the silencing of the original sounding. The great need for the observance of due process here is found in the words of the Court of Appeals in Matter of Second Report of Grand Jury of Erie County (26 N Y 200, 205): “ The report authorized by section 253-a of the Code [now CPL 190.85] concerns public officers whose reputations and careers may well be ruined, regardless of the final outcome of the charges, by publication of the report”.
In view of all of the foregoing, the reports are sealed permanently.